**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERENCE WILLIAMS,

        Plaintiff,                    Case No. 05-CV-73104

vs.

                                     HONORABLE NANCY G. EDUMUNDS
                                     HONORABLE STEVEN D. PEPE

REGIONS MORTGAGE,
EQUIFAX MORTGAGE SERVICES,
EQUIFAX CREDIT SERVICES,
EXPERIAN CREDIT SERVICES, and
TRANS UNION CREDIT SERVICES

        Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**

        Plaintiff brought a *pro se* complaint against Regions Mortgage, Equifax Mortgage Services, Equifax Credit Services, Experian Credit Services, and Trans Union Credit Services alleging defamation. The defamation arose out of what the Plaintiff contends to be a false and derogatory remark that has caused great emotional distress and loss of income to the Plaintiff. Defendant Experian Information Solutions (the Plaintiff improperly named them "Experian Credit Services" in his brief) filed a motion to dismiss on August 19, 2005. Defendant Trans Union Credit and Defendant Regions Bank joined Experian's Motion to Dismiss on October 19, 2005, and October 24, 2005, respectively. Plaintiff had until October 13, 2005 to file a response and written brief. Plaintiff has failed to do so.

    **Analysis**

        In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 117 (1990); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 1357, at 304 (2d ed. 1990). *See also Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A court may decide a motion to dismiss only on the basis of the pleadings. *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). Dismissal is appropriate if the complaint fails to set forth an allegation of a required element of a claim. *Craighead v. E.F. Hutton & Co.*, 899 F.3d 485, 489-90 (6th Cir. 1990). In applying these standards, the court must read plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 - 34 (1992). Reading Plaintiff's complaint indulgently, this Court will assume the Plaintiff is requesting relief based on a state law claim for defamation and a statutory remedy under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681).

### A. State Law Claim for Defamation

#### 1. The Credit Reporting Agencies ("CRA")

Defendants Experian Information Solution, Trans Union, and Equifax are Consumer Reporting Agencies ("CRA") as defined in the FCRA.[1] Defendant Region's Bank is a furnisher of information under the FCRA.[2] The Defendants that are defined as CRAs, are protected by the

---

[1] The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

[2] The term 'furnisher' is not defined in the FCRA, but rather its definition comes from case law. In *Aklagi v. Nationscredit Financial Services Corp.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002), the

FCRA's preemption of state law claims for defamation:

> (e) Limitation of liability. Except as provided in 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

Viewing the facts in the light most favorable to the Plaintiff, this Court will assume the truth of Plaintiff's contention that the information in question was false. Yet, to bring a successful defamation action against Experian, Trans Union and Equifax, Plaintiff must not merely show that the information was false, but must show *prima facie* evidence that Experian, Trans Union, and Equifax reported the false information with "malice or willful intent to injure." A Statement is made with malice if it is made with knowledge that it was false or with reckless disregard of whether it was false or not. *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1376 (N.D. Ga. 2004). Reckless disregard "requires evidence that the speaker entertained actual doubt about the truth of the statement." *Moore v. Equifax Information Services LLC,* 333 F. Supp. 2d 1360, 1367 (N.D. Ga. 2004). Plaintiff contends that Defendants' conduct proves malice (Dkt. #1, Plaintiff's complaint paragraph 6). His claim that Defendants continued to report the false information after Plaintiff submitted evidence demonstrating it was false falls short of facts demonstrating malice or willful intent to injure. It is largely conclusory and does not assert facts demonstrating actual malice or

---

Court tells us that the FCRA covers three types of entities including "furnishers of information to consumer reporting agencies." A furnisher is defined by the court in *Carney v. Experian Information Solutions, Inc.,* 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999), as "an entity ... which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies."

wilful intent to injure.[3]  In another context, the Supreme Court defined malice in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964):

> The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with **"actual malice" -- that is, with knowledge that it was false or with reckless disregard of whether it was false or not.**  An oft-cited statement of a like rule, which has been adopted by a number of state courts, is found in the Kansas case of *Coleman v. MacLennan*, 78 Kan. 711, 98 P. 281 (1908).  The State Attorney General, a candidate for re-election and a member of the commission charged with the management and control of the state school fund, sued a newspaper publisher for alleged libel in an article purporting to state facts relating to his official conduct in connection with a school-fund transaction

*New York Times Co.*, 376 U.S. at 279 - 280 (1964).  (Footnotes omitted, emphasis added).

Here the facts asserted by Plaintiff do not demonstrate actual knowledge of the falsehood nor a reckless disregard of the truth or falsity of the facts.

### 2. The Furnishers of Information

As a furnisher of information under the FCRA, the analysis for Regions Bank is somewhat different, yet the result is the same.  A furnisher has the same protection provided to CRA's through § 1681h(e).  In addition it has the protection of another exemption from liability in § 1681t(b)(1)(F)

---

[3] *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir.) ("[T]he allegations must be more than mere conclusions, or they will not be sufficient to state a . . . claim."), *cert. denied*, 484 U.S. 945 (1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint . . . to contain mere conclusory allegations . . . . Some factual basis for such claims must be set forth in the pleadings."); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985) (conclusory, unsupported allegations insufficient to state a claim); *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (dismissal of complaint appropriate if allegations of constitutional deprivation are "mere conclusions"); *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981) (requiring a complaint to "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs").

which preempts state law regarding the responsibilities of furnishers.[4]

There is a division among the courts as to the effect of the exemption in 15 USC § 1681t(b)(1)(F). Some courts determine that § 1681t(b)(1)(F), which was added after § 1681h(e), applies literally exempting providers from all state liability thus rendering § 1681h(e)'s exemption from state liability unnecessary. Other courts retain § 1681h(e)'s exemption from state liability for furnishers of information for state tort claims and apply the exemption of § 1681t(b)(1)(F) to state regulations. The third approach applies § 1681h(e)'s exemption to furnishers of information for state claims arising before they receive notice of a dispute, and the § 1681t(b)(1)(F) exemption to the furnisher's conduct after notice of the dispute. The first approach would apply total immunity to Regions Bank and the third approach would provide such immunity after notice of the dispute. The second and third approach provide only § 1681h(e)'s immunity for Regions Bank's conduct.

Here, even if this Court were to construe § 1681t(b)(1)(F) under the second or third approach. Plaintiff's tort action would still need to meed the 'malice or willful intent to injure' standards for the proviso from the protections of § 1681h(e). Again, viewing the facts in the light most favorable to the plaintiff, this Court should assume the truth of the Plaintiff's contention that the information in question was false. Yet, to bring a successful defamation action against Regions Bank, Plaintiff also must show that Regions Bank reported the false information with 'malice or willful intent to injure.'

Just as he did with the CRAs' conduct, Plaintiff contends that Region Bank's conduct proves

---

[4] No requirement or prohibition may be imposed under the laws of any State –
1. With respect to any subject matter regulated under –
...
(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, ... § 1681t(b)(1)(F).

malice (Dkt. #1, Plaintiff's complaint paragraph 6).  Again, this conclusory allegation without alleging any factual basis falls well short of demonstrating "malice or willful intent to injure" according to the relevant case law's definition of malice.  Further, 15 USC § 1681s-2 requires duties of furnishers when they are given notice of a dispute that include an investigation regarding the information in dispute.[5]  Here, the correspondence between the Plaintiff and Defendants that Plaintiff attached to his complaint (Plaintiff's Summons and Complaint, Exhibit A) show that the Defendants' have investigated Plaintiff's claims and concluded that the issue in dispute is correct.  Plaintiff has not asserted any facts, documents or arguments that suggest Defendants' investigation was incomplete or insufficient or that they knew the information was false or failed to modify it in reckless disregard of its truth or falsity.  Therefore Plaintiff's state law action against Regions Bank

---

[5]   (b) Duties of furnishers of information upon notice of dispute.
(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC § 1681i(a)(2)];
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
(I) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.
(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC § 1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.
15 USC § 1681s-2 (b) .

should also be dismissed.

### B. Remedy Under FCRA

Since Plaintiff's state law claim is preempted by the FCRA as discussed above, any available remedy must come separately under the FCRA itself. Yet, Section 1681s-2 limits the remedies available to Plaintiff. Subsection (c),[6] states that liability cannot be enforced with regard to any violation of subsection (a), except as provided in section 1681s(c)(1)(B),[7] allowing the chief law enforcement officer of a State to bring an action to enforce certain requirements of the FCRA. Section 1681s-2(d) further provides that the reporting requirement's subsection (a) of 1681s-2 may

---

[6]     (c) Limitation on liability. Except as provided in section 621(c)(1)(B) [15 USCS § 1681s(c)(1)(B)], sections 616 and 617 [15 USCS §§ 1681n, 1681o] do not apply to any violation of--
(1) subsection (a) of this section, including any regulations issued thereunder;
(2) subsection (e) of this section, except that nothing in this paragraph shall limit, expand, or otherwise affect liability under section 616 or 617 [15 USCS § 1681n or 1681o], as applicable, for violations of subsection (b) of this section; or
(3) subsection (e) of section 615 [15 USCS § 1681m].

15 USCS § 1681s-2

[7]     (c) State action for violations.
(1) Authority of States. In addition to such other remedies as are provided under State law, if the chief law enforcement officer of a State, or an official or agency designated by a State, has reason to believe that any person has violated or is violating this title [15 USCS §§ 1681 et seq.], the State--
(A) may bring an action to enjoin such violation in any appropriate United States district court or in any other court of competent jurisdiction;
**(B) subject to paragraph (5), may bring an action on behalf of the residents of the State to recover--**
**(I) damages for which the person is liable to such residents under sections 616 and 617 [15 USCS §§ 1681n, 1681o] as a result of the violation;**
**(ii) in the case of a violation described in any of paragraphs (1) through (3) of section 623(c) [15 USCS § 1681s-2(c)], damages for which the person would, but for section 623(c) [15 USCS § 1681s-2(c)], be liable to such residents as a result of the violation; or**
**(iii) damages of not more than $ 1,000 for each willful or negligent violation;**
...

15 USCS § 1681s (emphasis added)

only be enforced by the Federal and State agencies and officials that are identified in section 1681s.[8]

Therefore, as a private citizen Plaintiff has no civil damages remedy under the FCRA against the Defendants.

**Recommendation**

For the reasons stated above, it is RECOMMENDED that Plaintiff's complaint be dismissed for failure to state a claim unless Plaintiff, within 30 days of this Report and Recommendation, files an amended complaint stating sufficient facts to cure the deficiencies noted in this Report and Recommendation.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing

---

[8] (d) Limitation on enforcement. The provisions of law described in paragraphs (1) through (3) of subsection (c) (other than with respect to the exception described in paragraph (2) of subsection (c)) shall be enforced exclusively as provided under section 621 [15 USCS § 1681s] by the Federal agencies and officials and the State officials identified in section 621 [15 USCS § 1681s].

15 USCS § 1681s-2

party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: February 28, 2006                                              s/Steven D. Pepe
Ann Arbor, Michigan                                                   United States Magistrate Judge



Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon the Plaintiff and attorney(s) of record by electronic means or U.S. Mail on February 28, 2006.

                                                                       s/John F. Purdy
                                                                       Deputy Clerk